## MESSINGER v KARG
## MESSINGER v NEIPLING

Ohio Appeals, 6th Dist, Huron Co

Nos 343 & 345. Decided Dec 19, 1935

John E. Priddy, Findlay, for plaintiff in error.

Young & Young, Norwalk, for defendants in error.

FUNK, PJ, WASHBURN and STEVENS, JJ, (9th Dist) sitting by designation.

## OPINION

By STEVENS, J.

We have examined the several grounds of error urged by plaintiff in error, and in each case we find them to be without substantial merit.

The most bitter complaint of plaintiff in error has to do with the admission into evidence of the testimony of the witnesses Moloney and Sherman, with reference to statements allegedly made by plaintiff in error to defendants in error on the day of the wreck, but subsequent thereto.

In those statements it was testified in substance that Mrs. Messinger said that the injured persons need not worry about their injuries because she had insurance.

In the Neipling case the subject of insurance was first injected into the case and brought to the attention of the jury by counsel for Messinger, and hence prejudicial error may not properly be claimed to have intervened by reason of the testimony of Neipling's witnesses with reference thereto, nor because of the allusions of counsel for Neipling to that subject during his argument, which were strictly in answer to statements of counsel for Messinger made in their arguments to the jury.

In the Karg case the same statements with reference to insurance were made by

the same witnesses, and objections and exceptions saved.

We are of the opinion that the admission of said statements, when considered in connection with the entire record in said case, do not constitute prejudicial error.

The charge of the court was clear, concise and understandable, and it is our thought that thereunder the jury must have had a very clear conception of the issues, the law, the parties, and their duties as jurors.

Finding no prejudicial error in the record of either case, the judgments in both cases will be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.